Kenneth D. Freundlich (SBN: 119806)
Jonah A. Grossbardt (SBN 283584)
FREUNDLICH LAW
16133 Ventura Blvd. Ste. 1270
Encino, CA 91436
P: 818.377-3790
F: 310.275-5351
E-Mail:      ken@freundlichlaw.com
             Jgrossbardt@freundlich.com

Attorneys for Defendant EOTHEN "EGON" ALAPATT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASMINE THOMPSON, an individual, and GAS DRAWLS, LLC, a Georgia limited liability company,<br><br>                    Plaintiffs,<br><br>vs.<br><br>EOTHEN "EGON" ALAPATT, an individual, and DOES 1-50<br><br>                    Defendants | Case No.  2:19-cv-5278-SVW (SSx)<br><br>**DEFENDANT EOTHEN "EGON" ALAPATT'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Eothen "Egon" Alapatt ("Alapatt"), by and through his undersigned counsel, hereby answer to the Complaint ("Complaint") of Plaintiffs Jasmine Thompson ("Thompson") and Gas Drawls, LLC ("Gas") (individually and collectively, "Plaintiffs"). If an allegation is not specifically admitted, it is hereby denied.

## **ANSWER**

Plaintiffs' Complaint is the continuation of a year-long smear campaign filled with baseless and libelous attacks on Alapatt's integrity and character. The Complaint, like the previously highly public intimidation tactics used by this group, alleges that Plaintiffs have concerns regarding the ownership of various notebooks

(collectively, the "Notebooks") of the luminary and now-deceased hip-hop artist MF DOOM ("DOOM"). Contrary to the knowingly false statements contained in the Complaint, Alapatt saved and preserved the Notebooks after he purchased them from DOOM's former landlord who owned and controlled the Notebooks because DOOM had abandoned his studio and was in years' long arrears on rent. Rather than accept Alapatt's generous offer to return the physical Notebooks to Plaintiffs if they agreed to protect the Notebooks by jointly donating a digital copy of these precious artifacts of hip-hop history to the Cornell Hip-Hop Archive, the Smithsonian, or another accredited archive of their choosing, Plaintiffs chose to continue their hurtful, and defamatory attacks against Alapatt by filing this frivolous Complaint.

**I.   INTRODUCTION**

1.     The allegations of Paragraph 1 contain conclusions of fact and law to which no responsive pleading is required.  To the extent a response is required, Alapatt responds as follows. Alapatt denies that (1) "[t]his is a dispute about the cynical deception and outright thievery of renowned hip-hop artist MF DOOM's intellectual and personal property by [Alapatt]" – rather, this dispute concerns Plaintiffs' spurious claims concerning the Notebooks for the reasons set forth above; (2) Alapatt does not have a "long track record of exploiting, betraying and violating the rights of artists he pretends to partner with, support and uplift" – not only has he successfully worked with and represented the music of hundreds of artists from around the world for a quarter century,  there has never been any such legal action brought, nor any legal finding to support this allegation; and (3) Alapatt denies the allegation that "Alapatt is currently in disputes with legendary producer Madlib" and "beneficiaries of hip-hop titan J Dilla's estate" as there are no such legal actions to support the allegation. As to the allegations that "MF DOOM's widow, Thompson, and the entity that owns and/or controls the creative business ventures of MF DOOM and that owns certain intellectual property rights related thereto, Gas Drawls," Alapatt lacks knowledge and information sufficient to form a belief as to the truth of

this allegation and denies them on that basis. As to the remaining allegations in Paragraph 1, Alapatt admits the remaining allegations of Paragraph 1.

2.      Alapatt admits the allegations of Paragraph 2 that the allegation that the "heart of the dispute is the creative, lyrical and performative genius of Dumile Daniel Thompson." This dispute concerns Plaintiffs' spurious claims of ownership of the Notebook and, therefore, Alapatt denies this allegation from Paragraph 2 on that basis.

3.      The allegations of Paragraph 3 contain conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits that the Notebooks contain "hand-written lyrics, rhymes, musings and other creative ideations." Alapatt denies the remaining allegations contained in Paragraph 3 on the grounds that DOOM abandoned the Notebooks in 2010 when he left them in his Los Angeles studio, abandoned the studio, leaving his rent unpaid, and neither he nor Thompson made any effort to recover the Notebooks by paying his outstanding rent for the studio.

4.      The allegations of Paragraph 4 contain conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits the allegations in Paragraph 4 insofar as it alleges that there are 31 volumes of the Notebooks. As to the remaining allegations in Paragraph 4, Alapatt denies the remaining allegations for the reasons set forth above.

5.      The allegations of Paragraph 5 contain conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits the allegations in Paragraph 5 insofar as it alleges: (1) that "in or about late 2010, DOOM travelled to the United Kingdom to perform a show, and due to immigration issues, could not return to the United States"; and (2) that "DOOM ended up settling in the United Kingdom." Alapatt denies the remaining allegations in Paragraph 5 for the reasons set forth above and clarifies that Alapatt purchased the Notebooks in 2013.

6.      The allegations of Paragraph 6 contain conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations of Paragraph 6 because: (1) DOOM told Alapatt where the Notebooks were located in 2011, and also told Alapatt that DOOM owed his landlord a large amount of unpaid rent; (2) when DOOM inquired about the Notebooks in August 2016, Alapatt offered DOOM to come to an agreement about Alapatt returning the Notebooks to DOOM – but DOOM never responded to Alapatt's offer; (3) when DOOM inquired about the Notebooks in January 2017, DOOM seemed to have completely forgotten his prior discussion with Alapatt about the matter and Alapatt continued to offer to come to an arrangement with DOOM regarding the Notebooks – but DOOM never followed up to discuss the matter; (3) when, in April 2017, Brent "Siddiq" Sayers ("Sayers") (the owner of DOOM's record label and his de-facto manager) inquired about the Notebooks on DOOM's behalf, it became clear that DOOM had not informed Sayers of Alapatt's prior discussions with DOOM about coming to an agreement regarding the Notebooks. Regardless, Alapatt continued to offer arrangements to DOOM regarding the Notebooks – but Sayers never followed up to discuss the matter; and (4) when, in July 2017, one of DOOM's agents, Devin Horwitz ("Horwitz") inquired about the Notebooks on behalf of DOOM and sought to make arrangements with Alapatt regarding the Notebooks, Alapatt mentioned to Horowitz the previous offer he had made to DOOM, and further offered to make the in-person arrangements should DOOM wish to settle things up, and Horwitz never followed up.

7.      The allegations of Paragraph 7 contain conclusions of law to which no responsive pleading is required. Insofar as a response as a response is required, Alapatt admits the allegations of Paragraph 7 insofar as it alleges: (1) in 2018, Alapatt started the process of creating archival digital copies of the Notebooks to ensure their contents were preserved, should something happen to the physical Notebooks themselves; (2) in September 2020, after discussing the matter with

DOOM's manager Sayers, Alapatt agreed to make DOOM an additional archival digital copy of the Notebooks on an external hard drive, which he delivered to Sayers; and (3) in April 2022, Alapatt provided an archival digital copy of the Notebooks to the highly esteemed hip-hop historian, journalist and documentary filmmaker, Jefferson "Chairman" Mao ("Mao"), for a since abandoned book project Mao was considering writing about DOOM that would provide commentary, critique and analysis of the contents of the Notebooks. Alapatt denies the remaining allegations of Paragraph 7 as such acts were authorized by agents of DOOM or under the law.

8. The allegations of Paragraph 8 contain conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations of Paragraph 8 for the reasons set forth above and that there is no "third-party witness with personal knowledge of the events at issue" as the only individuals with personal knowledge of the exchange between Alapatt and DOOM's former landlord are solely those Alapatt, and the landlord named Hector Cortez ("Cortez"). Further, it was DOOM himself who told Alapatt about the unpaid rent in 2011, as previously explained.

9. The allegations of Paragraph 9 contain conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits the allegations of Paragraph 9 insofar as it alleges that Alapatt desired (but did not demand) that the Notebooks – or a digital copy thereof -  "be donated to a university or government archive" for the purposes of allowing scholars and researchers to study DOOM's creativity and further entrench his creative genius - not just in hip-hop but in American history. Alapatt denies the remaining allegations of Paragraph 9 for the reasons set forth above.

## II.   THE PARTIES

10. The allegations of Paragraph 10 contain conclusions of fact law to which no responsive pleading is required.  Insofar as a response is required, Alapatt

denies that DOOM "owned both the physical copies of the Notebooks and copyrights therein prior to his death, and certain of those rights passed to Thompson" for the reasons set forth above. As to the remaining allegations, Alapatt lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and denies them on that basis.

11. The allegations of Paragraph 11 contain conclusions of fact law to which no responsive pleading is required. Insofar as a response is required, Alapatt denies that Gas "is the owner of the copyrights contained in the Notebooks" for the reasons set forth above. As to the remaining allegations, Alapatt lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and denies them on that basis.

12. The allegations of Paragraph 12 contain conclusions of law to which no responsive pleading is required. Alapatt admits the allegations of Paragraph 12 insofar as it alleges: (1) "Defendant Alapatt is involved in the independent hip-hop business, and the owner of Now Again Records"; (2) that "Alapatt met DOOM when he was the general manager and A&R for Stones Throw Records"; (3) that "Alapatt worked on curating the classic Madvillainy album by DOOM and Madlib that was released in 2004" and (4) that "Alapatt has collaborated with numerous legendary musical artists." As to the remaining allegations of Paragraph 12, Alapatt denies the remaining allegations of Paragraph 12 for the reasons set forth above.

13. The allegations of Paragraph 13 are conclusions of law to which no response is required. To the extent a response is required, Alapatt lacks knowledge and information to form a belief as to the truth of these allegations, and on that basis denies the allegations of Paragraph 13.

14. The allegations of Paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Alapatt lacks knowledge and information to form a belief as to the truth of these allegations, and on that basis denies the allegations of Paragraph 14.

**III.** **OMITTED BY PLAINTIFFS**

**IV.** **JURISDICTION AND VENUE**

15.     The allegations of Paragraph 15 are conclusions of law to which no response is required.  To the extent a response is required, Alapatt does not contest: (1)  Plaintiffs purport to seek damages and injunctive relief under the Unites States Copyright Act; and (2) the Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Alapatt denies the allegations contained in Paragraph 15 insofar as it alleges that Alapatt committed any wrongful act or that Plaintiffs are entitled to any remedies for the reasons explained above.

16.     The allegations of Paragraph 16 are conclusions of law to which no response is required.  To the extent a response is required, Alapatt does not contest (1) the Court has personal jurisdiction over Alapatt; and (2) venue is proper under 28 U.S.C. §§ 1391(b)(2-3), 1400(a). Alapatt admits the allegations contained in Paragraph 16 insofar as it alleges: (1) Alapatt owns Now Again; and (2) Now Again is located in the State of California. Alapatt denies the remaining allegations contained in Paragraph 16 insofar as it alleges that Alapatt committed any wrongful act for the reasons explained above.

**V.** **BACKGROUND FACTS COMMON TO ALL CLAIMS**

     **A.** **THE NOTEBOOKS**

17.     The allegations of Paragraph 17 are conclusions of law to which no response is required. Insofar as a response is required, Alapatt admits the allegations contained in Paragraph 17 insofar as it alleges: (1) the Notebooks contain "rap lyrics, notes, musings, rhymes from previously released and unreleased songs, drawings and ideation of all sorts" and (2) "the 31 volume Notebooks are filled with DOOM's creative expression."  As to the remaining allegations, Alapatt denies the remaining allegations in Paragraph 17 for the reasons set forth above.

18.     The allegations of Paragraph 18 are conclusions of law to which no response is required. Insofar as a response is required, Alapatt admit the allegations

of Paragraph 18 insofar as that Exhibits "A' and "B" to the Complaint appear to be copyright registrations of the Notebooks – but denies their validity or contents.

B.     **ALAPATT TAKES ADVANTAGE OF DOOM'S ABSENCE FROM LOS ANGELES TO OBTAIN THE NOTEBOOKS FROM DOOM'S STUDIO LANDLORD**

19.     Alapatt admits the allegations in Paragraph 19 of the Complaint.

20.     The allegations of Paragraph 20 are conclusions of law to which no response is required. Insofar as a response is required, Alapatt admits the allegations in Paragraph 20 insofar as: (1) it contains an excerpt of the email Alapatt sent DOOM in August 2016; and (2) it contains a visual depiction of portions of emails DOOM sent Alapatt in August 2016. Alapatt denies the remaining allegations in Paragraph 20 because: (1) on August 29, 2016, DOOM emailed Alapatt that: "We heard from Hector, he advised he gave you DOOM's notebooks. You can send them to the address below"; (2) that same day, Alapatt emailed DOOM "I'm glad you spoke to Hector. He told you that he sold them to me for the back rent that DOOM owed him, after trying to get in touch with DOOM to sort it out for over over [*sic*] a year, and that he waited six months before selling them to me as he thought DOOM was going to pay him directly[.] I'm sure you're relieved that I had the foresight to do this, as they would have been thrown out with everything else in that building when it was sold. Hector had a lot of DOOM's other stuff in his office when I got the books a couple years ago. We should talk about this on the phone when you have a minute. They're in a safe place and haven't been disturbed since I purchased them. I'm sure that we can come to an agreement about them"; and (3) on January 23, 2017, Alapatt responded to the second email depicted in Paragraph 20 with: "I purchased the books from DOOM to Hector for the back rent due from Hector, Trinidad and his family for the studio. I would like to discuss how to best handle them, and no one has even seen them since I purchased them. The idea of me sending them out without compensation is not tenable. I have suggested that we speak about

this on the phone to come to an arrangement that works for both of us, and I'm happy to do so this week at a time that works best for us. Currently that would be sometime late in the afternoon on Wednesday or on Thursday, early afternoon, PST, or most of the day on Friday. I'm traveling today and all of next week."

21.     Alapatt admits the allegations contained in Paragraph 21 insofar as it alleges: (1) in August 2016, DOOM stated to Alapatt that he inquired into the status of the Notebooks with his former landlord, Cortez; (2) on August 29, 2016, DOOM asked Alapatt about his possession of the Notebooks; (3) on the same date, Alapatt confirmed he acquired the Notebooks by paying Cortez DOOM's unpaid rent and that Cortez informed DOOM of this fact. Alapatt disputes that he said Cortez was going to destroy all of DOOM's possessions but admits that Cortez had ownership and control over the Notebooks and would have either sold or possibly destroyed the Notebooks. As to the remaining allegations contained in Paragraph 21, Alapatt denies the remaining allegations for the reasons set forth above.

22.     The allegations contained in Paragraph 22 are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegation contained in Paragraph 22 that: (1) Alapatt "admitted that the intellectual property inside the Notebooks [were] DOOM's" – as no such admission was made to DOOM or anyone else; and (2) Alapatt "refused" to return the Notebooks for the reasons set forth above. As to the remaining allegations contained in Paragraph 22, Alapatt admits the remaining allegations.

23.     Alapatt denies the allegation in Paragraph 23 insofar as it alleges that "DOOM declined Alapatt's offer" because Sayers, on behalf of DOOM, accepted the offer for the reasons set forth above. As to the remaining allegations, Alapatt admits the remaining allegations in paragraph 23.

C. **ALAPATT PROVIDES A HARD DRIVE CONTAINING COPIES OF THE NOTEBOOKS AND DOOM TRAGICALLY PASSES AWAY**

24. The allegations contained in Paragraph 24 are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits the allegations contained in Paragraph 24 insofar as it alleges that: (1) in 2018, Alapatt started to create digital archival copies of the Notebooks to keep contents of the Notebooks safe; (2) in September 2020, at the request of DOOM's authorized representative Sayers, Alapatt created and delivered a hard drive containing digital archival copies of the Notebooks to Sayers. As to the remaining allegations contained in Paragraph 24, Alapatt denies the remaining allegations for the reasons set forth above.

25. The allegations contained in Paragraph 25 are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 25 for the reasons explained above.

26. Alapatt admits the allegations in paragraph 26.

D. **NOTWITHSTANDING DOOM'S DEATH, ALAPATT MAKES IT CLEAR TO PLAINTIFFS THAT HE DOES NOT INTEND TO RETURN THE NOTEBOOKS TO DOOM'S FAMILY**

27. Alapatt denies the allegations contained in Paragraph 27 for the reasons set forth above.

28. Alapatt admits the allegations contained in Paragraph 27 insofar as it alleges: (1) Alapatt offered to return the Notebooks to Plaintiffs provided that digital copies thereof were donated to an appropriate, well-funded hip-hop archive or museum, such as the Smithsonian or the Cornell Hip Hop Archive and that Plaintiffs would coauthor a press release to neutralize Plaintiffs' vitriolic, hateful and defamatory social media posts and other negative publicity Plaintiffs directed or incited against Alapatt; and (2) that Plaintiffs inexplicably refused Alapatt's offer. As

1  to the allegation contained in Paragraph 28 regarding what Plaintiffs "hoped" for,

2  Alapatt lacks knowledge and information sufficient to form a belief as to the truth of

3  this allegation and denies it on that basis.

4      E.   **IN MARCH 2023, ALAPATT'S LAWYER KENNETH**

5              **FREUNDLICH TRIES TO CHILL PLAINTIFF'S FREE SPEECH**

6              **RIGHTS WHEN THEY PUBLICLY DEMAND THE RETURN OF**

7              **THE NOTEBOOKS**

8      29.   Alapatt admits the allegations contained in Paragraph 29 insofar as it

9  alleges: (1) in March 2023, Plaintiffs made a social media post on DOOM's

10  Instagram account that contained an incomplete version of the August 2016 email

11  correspondence between DOOM and Alapatt (as explained above); (2) Alapatt's

12  counsel sent a cease and desist letter to ensure Plaintiffs cease making deceptive

13  posts that they knew were materially misleading and false; and (3) Plaintiffs, and

14  Plaintiff's agents, in blatant disregard of Alapatt's rights and personal safety,

15  continued their campaign of making false and defamatory statements about Alapatt.

16  As to the remaining allegations contained in Paragraph 29, Alapatt denies the

17  remaining allegations for the reasons set forth above.

18      F.   **PLAINTIFFS LEARN THAT ALAPATT'S STORY ABOUT HOW**

19              **HE OBTAINED THE NOTEBOOKS WAS A LIE**

20      30.   The allegations contained in Paragraph 30 are conclusions of law to

21  which no responsive pleading is required. Insofar as a response is required, Alapatt

22  denies the allegations in paragraph 30 for the reasons explained above, most tellingly

23  that it was DOOM himself who told Alapatt of the back rent owed to his landlord in

24  2011, and because Alapatt's counsel never admitted that DOOM's estate has

25  intellectual property rights to the contents of the Notebooks.

26      31.   The allegations contained in Paragraph 31 are conclusions of law to

27  which no responsive pleading is required. Insofar as a response is required, Alapatt

28  denies the allegations in paragraph 31 for the reasons explained above.

32.     The allegations contained in Paragraph 32 are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits the allegations contained in Paragraph 32 insofar as it alleges: (1) Alapatt started making an archival digital copy of each of the Notebooks in 2018; (2) Alapatt acquired ownership in the Notebooks, though Alapatt clarifies that the purchase took place in 2013; and (3) Alapatt provided Doom's authorized representative, Sayers, a digital archival copy of the Notebooks in September 2020. As to the remaining allegations contained in Paragraph 32, Alapatt denies the remaining allegations for the reasons set forth above.

33.     The allegations contained in Paragraph 33 are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt admits that he does not intend to publish the Notebooks and that he shared a digital archival copy of the Notebooks with Mao only for the reasons set forth above. As to the remaining allegations contained in Paragraph 33, Alapatt denies the remaining allegations for the reasons set forth above.

34.     The allegations contained in Paragraph 34 are conclusions of law to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 34 for the reasons set forth above.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT

**(Direct Copyright Infringement Under 17 U.S.C. § 501,**

**brought by Gas Drawls against Alapatt)**

35.     Alapatt incorporates its responses above to the allegations in the preceding paragraphs of the Complaint as if set forth.

36.     The allegations contained in Paragraph 37 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt admits the allegations of Paragraph 37 insofar as it: (1) alleges that the Notebooks

are textual works in physical form; and (2) references the purported copyright registration numbers contained in Exhibits "A" and "B." As to the remaining allegations contained in Paragraph 37, Alapatt denies the remaining allegations for the reasons set forth above.

37.    The allegations contained in Paragraph 37 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 37 for the reasons set forth above.

38.    The allegations contained in Paragraph 38 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 38 for the reasons set forth above.

39.    The allegations contained in Paragraph 39 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 39 for the reasons set forth above.

40.    Paragraph 40 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 40 for the reasons set forth above.

41.    The allegations contained in Paragraph 41 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 41 for the reasons set forth above.

42.    The allegations contained in Paragraph 42 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 42 for the reasons set forth above.

43.    The allegations contained in Paragraph 43 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 43 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

44.    The allegations contained in Paragraph 44 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt

DEFENDANT EOTHEN "EGON" ALAPATT'S; DEMAND FOR JURY TRIAL

1 | denies the allegations in paragraph 44 (or that Plaintiffs are entitled to the relief
2 | requested therein) for the reasons set forth above.

3 | ## SECOND CAUSE OF ACTION
4 | ## FRAUD/INTENTIONAL MISREPRESENTATION
5 | ### (brought by Plaintiffs against Alapatt)

6 | 45.   Alapatt incorporates its responses above to the allegations in the
7 | preceding paragraphs of the Complaint as if set forth.

8 | 46.   Alapatt  admits the allegations in paragraph 46 except that the exchange
9 | referred to here took place in 2016.

10 | 47.   The allegations contained in Paragraph 47 are legal conclusions to
11 | which no responsive pleading is required. Insofar as a response is required, Alapatt
12 | denies the allegations in paragraph 47 for the reasons set forth above.

13 | 48.   The allegations contained in Paragraph 48 are legal conclusions to
14 | which no responsive pleading is required. Insofar as a response is required, Alapatt
15 | denies the allegations in paragraph 48 for the reasons set forth above.

16 | 49.   The allegations contained in Paragraph 49 are legal conclusions to
17 | which no responsive pleading is required. Insofar as a response is required, Alapatt
18 | denies the allegations in paragraph 49 (or that Plaintiffs are entitled to the relief
19 | requested therein) for the reasons set forth above.

20 | 50.   The allegations contained in Paragraph 50 are legal conclusions to
21 | which no responsive pleading is required. Insofar as a response is required, Alapatt
22 | denies the allegations in paragraph 50 (or that Plaintiffs are entitled to the relief
23 | requested therein) for the reasons set forth above.

24 | ## THIRD CAUSE OF ACTION
25 | ## CONVERSION
26 | ### (brought by Thompson against Alapatt)

27 | 51.   Alapatt incorporates its responses above to the allegations in the
28 | preceding paragraphs of the Complaint as if set forth.

52.    Paragraph 52 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 52 for the reasons set forth above.

53.    Paragraph 53 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 53 for the reasons set forth above.

54.    Paragraph 54 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 54 for the reasons set forth above.

55.    Paragraph 55 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 55 for the reasons set forth above.

56.    Paragraph 56 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 56 for the reasons set forth above.

57.    Paragraph 57 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 57 for the reasons set forth above.

58.    The allegations contained in Paragraph 58 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 58 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (brought by Plaintiffs against Alapatt)

59.    Alapatt incorporates its responses above to the allegations in the preceding paragraphs of the Complaint as if set forth.

60.     Paragraph 60 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 60 for the reasons set forth above.

61.     The allegations contained in Paragraph 61 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 61 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST
### (brought by Plaintiffs against Alapatt)

62.     Alapatt incorporates its responses above to the allegations in the preceding paragraphs of the Complaint as if set forth.

63.     Paragraph 63 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 63 for the reasons set forth above.

64.     Paragraph 64 contains legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt denies the allegations in paragraph 64 for the reasons set forth above.

65.     The allegations contained in Paragraph 65 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 65 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

66.     The allegations contained in Paragraph 66 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 66 for the reasons set forth above.

67.     The allegations contained in Paragraph 67 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt

denies the allegations in paragraph 67 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

68.    The allegations contained in Paragraph 68 contains legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 68 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

69.    The allegations contained in Paragraph 69 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 69 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

70.    The allegations contained in Paragraph 70 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 70 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

71.    The allegations contained in Paragraph 71 are legal conclusions to which no responsive pleading is required. Insofar as a response is required, Alapatt denies the allegations in paragraph 71 (or that Plaintiffs are entitled to the relief requested therein) for the reasons set forth above.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (brought by Plaintiffs against Alapatt)

72.    Alapatt incorporates its responses above to the allegations in the preceding paragraphs of the Complaint as if set forth.

73.    The allegations contained in Paragraph 73 are legal conclusions to which no responsive pleading is required. To the extent any response is required, Alapatt admits that there is an actual controversy among the parties.

74.    The allegations contained in Paragraph 74 are conclusions of law to which no response is required. Insofar as a response is required, Alapatt admits that

1  Paragraph 74 contains Plaintiffs contentions and denies all such contentions as
2  explained above.

3      75.    The allegations contained in Paragraph 75 are conclusions of law to
4  which no response is required. Insofar as a response is required, Alapatt admits that
5  Paragraph 75 contains Plaintiffs contentions and denies all such contentions as
6  explained above.

7      76.    Alapatt admits that Plaintiffs seek declaratory judgment but denies that
8  Plaintiffs are entitled to the judgments described in paragraph 76 or any other
9  judgment in Plaintiffs' favor.

10  **PRAYER FOR RELIEF**

11      Alapatt denies that Plaintiffs are entitled to the relief requested in the
12  Complaint.

13  **AFFIRMATIVE DEFENSES**

14      Alapatt asserts the following affirmative defenses to Plaintiffs' Complaint. All
15  such defenses are pled in the alternative, do not constitute an admission of liability,
16  do not imply a concession that Plaintiffs are entitled to any relief, and do not
17  constitute an assumption of the burden of proof and/or persuasion that would
18  otherwise rest on Plaintiffs. Alapatt alleges that he cannot fully anticipate all
19  affirmative defenses that may be applicable to the present action. Accordingly,
20  Alapatt hereby reserves his right to assert additional affirmative defenses based on
21  information subsequently acquired through discovery, investigation, or otherwise, if
22  and to the extent such affirmative defenses are applicable. Subject to the foregoing,
23  for his affirmative defenses in this action, Alapatt hereby asserts and alleges the
24  following:

25  **First Affirmative Defense**

26  (Failure to State a Claim)

27      The Complaint, and each and every claim for relief set forth therein, fails to
28  state a claim upon which relief can be granted.

**<u>Second Affirmative Defense</u>**

(Fair Use)

Without admitting the use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains constitute fair use.

**<u>Third Affirmative Defense</u>**

(Consent/License)

Plaintiffs' claims are barred in whole or in part because of consent/license.

**<u>Fourth Affirmative Defense</u>**

(Abandonment)

Plaintiffs' claims are barred in whole or in part by the doctrine of abandonment.

**<u>Fifth Affirmative Defense</u>**

(Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**<u>Sixth Affirmative Defense</u>**

(Statute(s) of Limitations)

Plaintiffs' claims are barred in whole or in part because of the applicable statute(s) of limitations.

**<u>Seventh Affirmative Defense</u>**

(Waiver)

Plaintiffs' claims are barred in whole or in part because of waiver.

**<u>Eighth Affirmative Defense</u>**

(Unclean Hands)

Plaintiffs' claims are barred in whole or in part because of the doctrine of unclean hands.

**<u>Ninth Affirmative Defense</u>**

(Lack of Ownership/Lack of Standing)

Plaintiffs' claims are barred in whole or in part because, Plaintiffs are not the rightful owners of the Notebooks (or the copyrights contained in the Notebooks) and therefore lack standing to assert the claims in the Complaint.

## Tenth Affirmative Defense

### (No Willfulness)

To the extent Alapatt infringed Plaintiff's copyrights interests (if any), which is denied, Alapatt did not do so willfully.

## Eleventh Affirmative Defense

### (Innocence)

To the extent Alapatt infringed Plaintiff's copyrights interests (if any), which is denied, Alapatt did so innocently.

## Twelfth Affirmative Defense

### (Lack of Timely Registration—No Statutory Damages and No Attorney's Fees)

The Notebooks were not timely registered with the U.S. Copyright Office, thereby precluding the ability of Plaintiff to recover statutory damages and attorney's fees in this action for such material.

## Thirteenth Affirmative Defense

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred in whole or in part because of Plaintiffs' failure to mitigate damages.

## Fourteenth Affirmative Defense

### (Fraud Upon the Copyright Office)

Plaintiffs' copyright infringement claim is barred because Plaintiffs committed fraud upon the U.S. Copyright Office when they registered the Notebooks.

## Fifteenth Affirmative Defense

### (No Attorneys' Fees)

To the extent Plaintiffs seek their attorneys' fees for the present action, they are not entitled to such relief under the law or the facts of this case.

## Sixteenth Affirmative Defense

### (No Equitable Relief)

To the extent Plaintiffs seek equitable relief in the present action, they are not entitled to such relief under the law or facts of this case.

## Seventeenth Affirmative Defense

### (No Punitive Damages)

To the extent Plaintiffs seek punitive/exemplary damages in the present action, they are not entitled to such relief under the law or facts of this case.

## Eighteenth Affirmative Defense

### (No Jury for Equitable Issues)

Plaintiffs are not entitled to a jury trial on equitable issues.

## Nineteenth Affirmative Defense

### (Due Process Clause)

To the extent Plaintiffs seek punitive/exemplary damages in the present action, such recovery is barred under the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

## Twentieth Affirmative Defense

### (Acts or Omissions of Others)

Plaintiffs' claims are barred in whole or in part because Alapatt is neither liable nor responsible to Plaintiffs for the alleged damages or injuries to Plaintiffs in any manner whatsoever because any damages or injuries allegedly suffered by Plaintiffs were the direct and proximate result of the independent, intervening and/or intentional conduct of Plaintiffs, DOOM and other parties or their agents.

## Twenty-First Affirmative Defense

### (Limited Number of Works for Potential Statutory Damages)

To the extent that Plaintiffs seek statutory damages for their claim of copyright infringement, the potential number of works at issue for purposes of statutory damages is limited as the Notebooks constituted compilations.

1

## **Twenty-Second Affirmative Defense**

2

### (Other Affirmative Defenses)

3       Alapatt at this time has insufficient information upon which to form a belief as

4 to whether he may have additional affirmative defenses. Alapatt reserves his right to

5 assert additional affirmative defenses in the event he discovers facts upon which such

6 affirmative defenses may be based.

7

## **PRAYER FOR RELIEF**

8       **WHEREFORE**, Alapatt prays for judgment against Plaintiff as follows:

9       A.      That Plaintiffs take nothing by virtue of their Complaint and the action

10 be dismissed with prejudice;

11       B.      That the copyright registrations for the Notebooks be invalidated;

12       C.      That judgment be entered in favor of Alapatt and against Plaintiffs with

13 respect to the claims alleged in the Complaint;

14       D.      That the Court award Alapatt his attorneys' fees and all other costs

15 reasonably incurred in defense of this action to the extent provided by law; and

16       E.      For such other and further relief as the Court deems just and proper.

17 Dated: November 14, 2023

18                                            FREUNDLICH LAW

19

20                                            BY:_____

21                                            Kenneth D. Freundlich
                                             Jonah A. Grossbardt
22                                            Attorneys for Defendant
                                             EOTHEN "EGON" ALAPATT
23

24

25

26

27

28

# **DEMAND FOR JURY TRIAL**

Defendant Eothen "Egon" Alapatt respectfully requests a jury trial on all issues so triable.

Dated: November 14, 2023

FREUNDLICH LAW

BY:_____

Kenneth D. Freundlich
Jonah A. Grossbardt
Attorneys for Defendants
EOTHEN "EGON" ALAPATT