Miles M. Cooley, Esq. (SBN: 206783)
Summer E. Benson, Esq. (SBN: 326398)
FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Email: mcooley@ftllp.com
       sbenson@ftllp.com

Attorneys for Plaintiffs Jasmine Thompson and Gas Drawls, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE THOMPSON, an individual, and GAS DRAWLS, LLC, a Georgia limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EOTHEN "EGON" ALAPATT, an individual, and DOES 1-50<br><br>Defendants. | Case No.: 2:23-cv-08966-DSF-E<br><br>[Assigned to the Hon. Dale S. Fischer]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: January 22, 2024<br>Time: 11:00 a.m.<br>Courtroom: 7D |

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1 and this Court's Order Setting Scheduling Conference (the "November 22 Order") (ECF No. 15), Plaintiffs Jasmine Thompson ("Thompson") and Gas Drawls, LLC ("Gas Drawls") (collectively, "Plaintiffs"), and Defendant Eothen "Egon" Alapatt ("Defendant" or "Alapatt"), by and through their respective counsel of record, hereby submit the following joint report:

### A. Statement of the Case

**Plaintiffs:** At the heart of this dispute is the creative, lyrical and performative genius of Dumile Daniel Thompson, a prolific British-American rapper, recording artist and producer most notably known as MF DOOF ("DOOM"). Over his prolific career, DOOM kept paper "rhyme books" or physical notebooks containing hand-written lyrics, rhymes, musings and other creative ideations (collectively, the "Notebooks").[1] The Notebooks, of which there are 31 volumes, contain the original lyrics to many of DOOM's recordings, as well as lyrics to unreleased songs and other creative song ideas. The contents of the Notebooks constitute DOOM's confidential, creative work product and intellectual property and were intended by DOOM to remain undisclosed. DOOM stored the Notebooks in his studio in Los Angeles, a secure location that served DOOM's objective of keeping the Notebooks confidential and private.

In or about late 2010, DOOM travelled to the United Kingdom and was unable to return to the United States due to immigration issues. In 2016, Alapatt, taking advantage of DOOM's inability to return to his Los Angeles studio, took unlawful possession of the Notebooks. When confronted, Alapatt initially lied. When pushed further, Alapatt concocted an elaborate tale about paying DOOM's landlord "back rent" to acquire the Notebooks and save them from destruction. Alapatt then delayed, obfuscated and deflected when DOOM demanded the return of the Notebooks.

---

[1] The Notebooks are registered as two compilations with the U.S. Copyright Office – U.S. Registration No. TXu 2-389-790 and U.S. Registration No. TXu 2-389-792.

1

JOINT RULE 26(f) REPORT

Indeed, Alapatt persists in his refusal to remit the Notebooks to their rightful owner, even in the face of DOOM's untimely death. Adding insult to injury, Alapatt, without DOOM's knowledge or consent, made unauthorized large format copies of the Notebooks, which he has distributed or otherwise shared with various third-parties.

In 2023, Plaintiffs discovered that Alapatt's "back rent" story was a complete fabrication. To be sure, Plaintiffs now know that Alapatt obtained the Notebooks by fraudulent means, convincing DOOM's former landlord to sell this invaluable intellectual property for $12,500. Rather than acknowledge his wrongdoing and return the Notebooks, Alapatt remains in possession of the same and demands that that the Notebooks or copies thereof be donated to a university or government archive in spite of Plaintiffs' express wishes to the contrary.

**Defendant:** Defendant denies entirely the version of events stated above. Defendant contends that Plaintiffs' Complaint is the continuation of a year-long smear campaign filled with baseless and libelous attacks on Defendant's integrity and character. The Complaint, like the previously highly public intimidation tactics used by Plaintiffs, alleges that Plaintiffs have concerns regarding the ownership of various notebooks (collectively, the "Notebooks") of the luminary and now-deceased hip-hop artist MF DOOM ("DOOM"). Contrary to the knowingly false statements contained in the Complaint, Alapatt saved and preserved the Notebooks after he purchased them from DOOM's former landlord who owned and controlled the Notebooks because DOOM had abandoned his studio and was in years' long arrears on rent. Rather than accept Alapatt's generous offer to return the physical Notebooks to Plaintiffs if they agreed to protect the Notebooks by jointly donating a digital copy of these precious artifacts of hip-hop history to the Cornell Hip-Hop Archive, the Smithsonian, or another accredited archive of their choosing, Plaintiffs chose to continue their hurtful, and defamatory attacks against Alapatt by filing this

frivolous Complaint. Defendant's bottom line is that he lawfully has physical possession and ownership of the Notebooks.

### B. Subject-Matter Jurisdiction

Plaintiffs assert claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and, thus, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Further, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) as such claims arise out of the same operative facts, i.e., Defendant's acquisition and exploitation of the Notebooks.

### C. Legal Issues

The primary legal issues include the following:

(i) Whether the Notebooks are the property of Plaintiffs;

(ii) Whether Plaintiffs have legal standing to bring this case;

(iii) Whether Defendant is the lawful owner to the Notebooks;

(iv) Whether Defendant committed copyright infringement under 17 U.S.C. § 501 by copying, distributing and/or otherwise exploiting the Notebooks or whether Defendant's conduct was authorized by DOOM's agents or the doctrine of fair use;

(v) Whether Defendant misrepresented the facts surrounding his acquisition and/or possession of the Notebooks;

(vi) Whether Defendant's acquisition and/or possession of the Notebooks constitutes conversion;

(vii) Whether Defendant has received any monetary benefit from his exploitation of the Notebooks; and

(viii) Whether Plaintiffs' claims are time-barred (in whole or in part) by the applicable statute of limitations.

### D. Parties, Evidence, Etc.

The parties include:

- Jasmine Thompson (Plaintiff)

- Gas Drawls, LLC (Plaintiff)
- Eothen "Egon" Alapatt (Defendant)

Percipient witnesses include:

- Jasmine Thompson
- Person(s) Most Knowledgeable for Gas Drawls, LLC
- Eothen "Egon" Alapatt
- Hector Cortez
- Brent "Siddiq" Sayers
- Jefferson Mao
- Devin Horowitz
- Stacy Epps
- Juan Cinco Martinez

Potential deponents include:

- Jasmine Thompson
- Person(s) Most Knowledgeable for Gas Drawls, LLC
- Eothen "Egon" Alapatt
- Hector Cortez
- Brent "Siddiq" Sayers
- Jefferson Mao
- Devin Horowitz
- Stacy Epps
- Juan Cinco Martinez

Pursuant to the proposed schedule of pretrial and trial dates filed concurrently herewith, the parties anticipate that depositions will be completed by June 17, 2024.

Key documents on the main issues in the case include:

- Copyright registration materials relating to the Notebooks;
- Documents and communications relating to Alapatt's acquisition of the Notebooks;

- Documents and communications relating to Alapatt's copying of the Notebooks;
- Documents and communications relating to Alapatt's exploitation of the Notebooks;
- Documents and communications relating to Alapatt's ongoing possession of the Notebooks.
- Documents and communications regarding Plaintiffs' alleged ownership of the right to bring this Complaint.
- Documents and communications regarding the timing of when Plaintiffs were on notice of their purported claims.
- Documents and communications relating to Defendant's acts of alleged copying of the Notebooks was authorized by Plaintiffs' agents (or the agents of Plaintiffs' predecessors in interest) or by the doctrine of fair use.

### E. Damages

Plaintiffs estimate provable economic damages in the reasonable range of $250,000 to $1,000,000.

### F. Insurance

There is no applicable insurance coverage.

### G. Motions

The parties agree that it is unlikely that there will be a motion seeking to (i) add other parties or claims, (ii) file amended pleadings, or (iii) transfer venue. Each of Plaintiffs and the Defendant intend to file a motion for summary judgment in accordance with the Court's impending scheduling order.

### H. Status of Discovery

Plaintiffs have not yet propounded any written discovery. On December 20, 2023, Defendant propounded his first set of requests for production and

1 | interrogatories on Plaintiffs Thompson and Gas Drawls. Plaintiffs will respond
2 | consistent with the Federal Rules of Civil Procedure.

### I. Discovery Plan

#### 1. Rule 26(f)(3)(A) – Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a) and this Court's November 22 Order, the service of Fed. R. Civ. P. 26(a) disclosures shall occur on or before January 3, 2024. The parties do not anticipate any changes to the timing, form, or requirement for such disclosures.

#### 2. Rule 26(f)(3)(B) – Anticipated Scope of Discovery

The parties agree that discovery will be conducted with respect to the allegations in Plaintiff's Complaint (ECF No. 1) and Defendant's responsive pleading thereto (ECF No. 13). Discovery will address the legal issues discussed hereinabove, including, (i) whether the Notebooks are the property of Plaintiffs; (ii) whether Plaintiffs have legal standing to bring this case; (iii) whether Defendant is the lawful owner to the Notebooks; (iv) whether Defendant committed copyright infringement under 17 U.S.C. § 501 by copying, distributing and/or otherwise exploiting the Notebooks, or whether Defendant's actions were authorized by DOOM's agents or under the doctrine of fair use; (v) whether Defendant misrepresented the facts surrounding his acquisition and/or possession of the Notebooks; (vi) whether Defendant's acquisition and/or possession of the Notebooks constitutes conversion; (vii) whether Defendant has received any monetary benefit from his exploitation of the Notebooks; and (viii) when were Plaintiffs (or their predecessors in interest) put on notice of their purported claims against Defendant. The parties agree that discovery should not be conducted in phases or limited to/focused on particular issues except as otherwise set forth herein.

**Plaintiffs:** Plaintiffs intend to propound written discovery on Defendant in the form of requests for production, requests for admission and interrogatories as authorized by the Federal Rules of Civil Procedure. Plaintiff's written discovery

efforts will seek to secure documents and other evidence relevant to (i) Defendant's acquisition of the Notebooks; (ii) Defendant's copying of the Notebooks; (iii) Defendant's exploitation of the Notebooks; (iv) Defendant's ongoing possession of the Notebooks. In addition to written discovery, Plaintiff intends to take the deposition of Defendant and other third-parties, as appropriate, with respect to these issues. Plaintiffs anticipate that additional topics of discovery may be identified during the course of the discovery process. Plaintiffs further anticipate that discovery will be completed in accordance with the proposed schedule of pretrial and trial related dates attached hereto.

**Defendant:** Defendant intends to propound written discovery on Plaintiffs in the form of requests for production, requests for admission and interrogatories as authorized by the Federal Rules of Civil Procedure. Defendant's written discovery efforts will seek to secure documents and other evidence relevant to (i) Defendant's acquisition of the Notebooks; (ii) whether Plaintiffs have legal standing to bring this case; (iii) whether Defendant is the lawful owner to the Notebooks; (iv) Defendant's copying of the Notebooks; (v) Defendant's fair use of the Notebooks; (iv) Defendant's ongoing possession of the Notebooks; (v) Plaintiffs (or their predecessors in interest) authorizing Defendant to make copies of the Notebooks; and (vi) when were Plaintiffs (or their predecessors in interest) put on notice of Plaintiffs' purported claims against Defendant. In addition to written discovery, Defendant intends to take the deposition of Plaintiffs and other third-parties, as appropriate, with respect to these issues. Defendant anticipates that additional topics of discovery may be identified during the course of the discovery process. Defendant further anticipates that discovery will be completed in accordance with the proposed schedule of pretrial and trial related dates attached hereto.

### 3. Rule 26(f)(3)(C) – Electronically Stored Information

The parties do not currently anticipate any issues with regard to the discovery or preservation of electronically stored information. However, in the event an issue

may arise, the parties agree to meet and confer in good faith to resolve any such issue. Further, the parties will use their best efforts to produce electronically stored information in the format preferred by the requesting party.

### 4. Rule 26(f)(3)(d) – Privilege Issues

The parties do not currently anticipate any issues about claims of privilege or of protection as trial-preparation materials. However, in the event an issue may arise, the parties agree to meet and confer in good faith as to a reasonable and appropriate stipulated protective order.

### 5. Rule 26(f)(3)E) – Discovery Limitations

The parties do not currently anticipate any changes to discovery limitations imposed by the Federal Rules of Civil Procedure and/or the Local Rules and, thus, adopt the default limitations imposed by the same. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

### 6. Rule 26(f)(3)(F) – Other Discovery and Scheduling Orders

The parties do not currently require the issuance of any order under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b), (c); however, the parties reserve the right to seek additional orders as discovery proceeds and if the need arises.

## J. Discovery Cut-Off

Please see the attached proposed schedule of pretrial and trial dates.

## K. Expert Discovery

Please see the attached proposed schedule of pretrial and trial dates.

## L. Dispositive Motions

Plaintiffs intend to bring a motion for summary judgment with respect to the following claims: (i) copyright infringement; (ii) fraud/intentional misrepresentation; (iii) conversion; (iv) unjust enrichment; (v) constructive trust; and (vi) declaratory relief. Plaintiffs maintain that Gas Drawls is the rightful owner in and to the Notebooks and that Defendant infringed upon Gas Drawls' statutory rights when he acquired and exploited the Notebooks by fraudulent means.

Defendant intends to bring a motion for summary judgment against Plaintiffs claims and establishing: (i) Defendant's ownership of the Notebooks; (ii) Defendant's copying of the Notebooks was authorized either by DOOM's agents or under the doctrine of fair use; (iii) Plaintiffs claims (whether in whole or in part) are barred under the applicable statute of limitations.

### M. Settlement/ADR

The parties have not participated in a formal settlement mechanism, nor have their informal settlement discussions proved fruitful. Pursuant to Local Rule 16-15.4, Plaintiffs select ADR Procedure No. 1. Defendants select ADR Procedure No. 3. Pursuant to the proposed schedule of pretrial and trial dates filed concurrently herewith, the parties anticipate ADR completion by August 19, 2024

### N. Trial Estimate

Plaintiffs estimate that a jury trial in this matter will take approximately 3-4 days. Plaintiffs anticipate calling 2-3 fact witnesses and 1-2 expert witnesses. Plaintiffs reserve the right to call additional witnesses should discovery reveal additional individuals with relevant knowledge of the claims at issue.

### O. Lead Trial Counsel

For Plaintiffs: Miles M. Cooley of Freedman Taitelman + Cooley, LLP

For Defendant: Kenneth D. Freundlich of Freundlich Law, APC

### P. Independent Expert or Master

The parties agree that this case does not require the appointment of a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

### Q. Timetable

Please see the attached proposed schedule of pretrial and trial dates.

### R. Magistrate Judge

The parties respectfully decline to have this case heard by a magistrate judge.

### S. Class Actions

Not applicable.

### T. Other Issues

The parties do not currently anticipate any other issues affecting the status or management of this case. Further, the parties do not currently have any proposals concerning severance, bifurcation or other ordering of proof.

Dated: January 3, 2024                FREEDMAN TAITELMAN + COOLEY, LLP

By: */s/ Summer E. Benson*
Miles M. Cooley, Esq.
Summer E. Benson, Esq.
Attorneys for Plaintiffs,
Jasmine Thompson and Gas Drawls, LLC

Dated: January 3, 2024                FREUNDLICH LAW, APC

By: */s/ Kenneth D. Freundlich*
Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
Attorneys for Defendant,
Eothen Alapatt

**<u>Signature Attestation</u>**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that counsel of record for Defendant Eothen "Egon" Alapatt concurs in the content of this document and has authorized me to affix his electronic signature for filing.

Dated: January 3, 2024                     FREEDMAN TAITELMAN + COOLEY, LLP

By:  */s/ Summer E. Benson*
      Miles M. Cooley, Esq.
      Summer E. Benson, Esq.
      Attorneys for Plaintiffs,
      Jasmine Thompson and Gas Drawls, LLC